IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEE SMITH, ) | |
| ID # 1725728, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:13-CV-1120-B-BH |
| ) | |
| JACKIE MCGEE, et. al, ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this pro se prisoner case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

The plaintiff initially filed this action in the Eastern District of Texas on March 8, 2013. (*See* doc. 1.) On March 14, 2013, his claims against certain defendants were transferred to this district. (*See* doc. 3.) By *Notice of Deficiency and Order* dated March 20, 2013, the plaintiff was advised that he had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP), and that his complaint was unsigned. (*See* doc. 7.) The notice and order specifically advised the plaintiff that he must either pay the filing fee or file a motion to proceed IFP with the required certificate of trust account, and that he must submit a signed complaint, within thirty days. *Id.* The notice and order also advised him that a failure to comply could result in the dismissal of his case. *Id.*

The plaintiff filed a motion to proceed IFP on April 2, 2013, but no certificate of trust account, and no signed complaint. (*See* doc. 8.) On April 3, 2013, the Court sent him a second *Notice of Deficiency and Order* advising him that his IFP motion did not contain the required

certificate of inmate trust account and that he had still not submitted a signed complaint, and that he must file these documents within thirty days. (*See* doc. 9.) The second notice and order specifically advised the plaintiff that failure to comply with the order could result in the dismissal of his case. *Id.* More than thirty days from the date of the second notice and order have passed, but the plaintiff has not filed a certificate of trust account, a signed complaint, or anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the April 3, 2013 order that he submit a certificate of inmate trust account and a signed copy of his complaint within thirty days despite a warning that failure to do so could result in dismissal of the case. He has not filed anything else in the case. Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff submits a certificate of inmate trust account and a signed copy of his complaint within the time for objecting to this recommendation, or some other deadline set by the Court.

**SO RECOMMENDED** on this 13th day of May, 2013.

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE